UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHIM RAJ KC,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No. 1:26-cv-03159-TLN-SCR<br><br>A# 221-390-163<br><br>**ORDER** |

This matter is before the Court on Petitioner Bhim Raj KC[1]'s Motion to Enforce Judgment. (ECF No. 14.) For the reasons set forth below, the Court GRANTS the motion and ORDERS Petitioner's immediate release.

///

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background

The Court incorporates in full the factual background set forth in the U.S. Magistrate Judge's May 8, 2026 Findings and Recommendations (ECF No. 10), which were adopted on May 20, 2026 (ECF No. 11). In its May 20, 2026 Order, the Court enjoined and restrained Respondents from continuing to detain Petitioner for more than seven days without providing "a bond hearing before a neutral factfinder at which the Government bears the burden to justify Petitioner's detention through a showing that Petitioner poses a danger to the community or a flight risk by clear and convincing evidence." (ECF No. 11 at 2.)

On May 28, 2026, Respondents certified to the Court this hearing had taken place. (ECF No. 13.) Petitioner filed the instant Motion to Enforce Judgment that same day, arguing the hearing was constitutionally deficient and failed to provide "meaningful constitutional review" of his continued detention in immigration custody. (ECF No. 14 at 2.)

Respondents did not file a response to the Motion to Enforce Judgment. Accordingly, the Court considers it unopposed. *See* E.D. Cal. L.R. 230(c) ("Opposition, if any, to the granting of [a civil] motion shall be in writing and shall be filed and served no later than fourteen (14) days after the motion was filed . . . A failure to file a timely opposition may . . . be construed by the Court as a non-opposition to the motion.")

## II. Standard of Law

Federal courts have inherent authority to enforce their own orders, including those granting injunctive relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). A motion to enforce judgment is the "usual method" for requesting a court interpret its own judgment and compel compliance. *California by & through Becerra v. Dep't of the Interior*, No. 17-cv-5948, 2020 WL 13093994, at *3 (N.D. Cal. July 30, 2020) (citing *Heartland Hosp. v. Thompson*, 328 F. Supp. 2d 8, 11 (D.D.C. 2004)).

To prevail on a motion to enforce an injunction, "[t]he moving party has the burden of showing by clear and convincing evidence that the enjoined party violated a 'specific and definite order of the court.'" *Kia Am., Inc. v. Rally Auto Grp., Inc.*, No. 8:22-CV-00109-JVS-JDE, 2022

WL 17185011, at *2 (C.D. Cal. Oct. 20, 2022) (quoting *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999)). If Petitioner received all relief required by the Court's prior judgment, the motion to enforce should be denied. *Heartland Hosp.*, 328 F. Supp. 2d at 11. But if Petitioner demonstrates Respondents "ha[ve] not complied with a judgment entered against [them], even if the noncompliance was due to misinterpretation of the judgment," the motion shall be granted. *Id.*

As constitutional challenges to immigration judge ("IJ") detention determinations present mixed questions of fact and law, the appropriate standard of review is "abuse of discretion." *Martinez v. Clark*, 124 F.4th 775, 783–84 (9th Cir. 2024). Under an abuse of discretion standard, the Court does not reweigh evidence but instead considers whether the IJ "applied the correct legal standard." *Id.* (quoting *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)). In other words, "[i]n reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence. Instead, its review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" *Quan v. Barr*, No. 20-CV-08118, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021) (quoting *Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020)).

## III. ANALYSIS

Petitioner argues that the IJ's ruling denying bond was constitutionally inadequate and improperly considered the relevant evidence. (ECF No. 14 at 4–6.) Separately, Petitioner argues that the denial of bond "perpetuated the same prolonged detention this Court already found problematic." (*Id.* at 6.) For the reasons set forth below, the Court agrees with both arguments.

### A. The IJ Abused her Discretion, Rendering the Immigration Court's Ruling Erroneous

"To determine whether a[ noncitizen] is a danger to the community or a risk of flight, an IJ weighs nine factors under BIA precedent." *Martinez*, 124 F.4th at 784 (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). The non-exhaustive factors include: fixed address in the United States; length of residence; family ties and their connection to available immigration relief; employment history; record of appearance in court; criminal record "including the extensiveness

of criminal activity, the recency of such activity, and the seriousness of the offenses"; history of immigration violations; attempts to flee; and manner of entry to the United States. *Id.*

In this case, the IJ's ruling states that Petitioner was denied bond because:

> [Petitioner] is a significant flight risk such that no amount of bond or conditions would secure his future court appearances. Although [Petitioner] has a pending appeal before the BIA, [Petitioner] was ordered removed to [his native country] by an Immigration Judge in October of 2025. [Petitioner] entered without inspection in January 2025 and has not been in the U.S. for a significant period of time. Since his entry into the U.S., [Petitioner] has been detained. The record shows that he does not have an employment or residential history as he has never been released from ICE's custody. [Petitioner] has no immediate family members with status such that he can derive status. Further, while [Petitioner] states that he will be living in Pleasanton, California, one of the two sponsor[s] resides in Texas. The letters of support also reflect that he has some community ties in Texas, not in California. The Court finds the adverse factors outweigh any positive factors in this case.

(ECF No. 13-1 at 1.)

At the outset, the IJ's ruling does not rest on any suggestion that Petitioner is a danger to the community, and Respondents have never presented any such argument to that effect in this Court.[2] (ECF No. 8.) Moreover, from the plain text of the ruling, it is clear the IJ failed to meaningfully consider the *Guerra* factors. Wholly absent from that document is any indication that the immigration court meaningfully considered Petitioner's record of appearance in court, history of immigration violations, or attempts to flee. (ECF No. 13-1.)

While the IJ's ruling does discuss Petitioner's family ties, its conclusions are illogical and unsupported by the record. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) ("A . . . court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence."). Petitioner submitted a declaration from his cousin, who lives in California, which stated that, if released, Petitioner would "reside at my home and be fully integrated into our household. I will cover all of his living expenses during his stay with me, and he will not be required to pay for any costs related to his housing or daily needs." (ECF No. 14 at 9.) Whether Petitioner has *additional* relatives who

---

[2] As discussed above, the Court considers the instant Motion to Enforce Judgment unopposed.

reside in another state is orthogonal to the inquiry demanded by *Guerra.* In other words, it is plainly incorrect to discount the significance of an in-state relative by pointing to the existence of an out-of-state one.

Similarly, the IJ's conclusions regarding Petitioner's lack of employment and residential history are based on circular and fallacious reasoning. Petitioner presented evidence that demonstrated the willingness of his family members to house and support him upon his release. (ECF No. 14 at 9–20.) In the IJ's view, Petitioner could not be released from immigration detention because he had not been employed or housed in the United States. Yet, the IJ acknowledged that Petitioner had not been employed or housed in the Untied States *because* he was detained. (ECF No. 13-1 at 1.) Respondents cannot satisfy their burden before the immigration court by pointing to circumstances of their own making.

When an IJ's decision is "arbitrary, irrational, or contrary to law," it is an abuse of discretion. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016) (quoting *Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011)). Having found the IJ's ruling in this case to be all three, the Court GRANTS the Motion to Enforce Judgment and orders Petitioner's immediate release.

B. <u>The Appropriate Remedy for Petitioner's Unconstitutionally Prolonged Detention is Now Release</u>

Petitioner states the IJ's failure to provide a meaningful hearing "perpetuated the same prolonged detention this Court already found problematic." (ECF No. 14 at 6.) The Court agrees.

On May 8, 2026, the Court adopted the U.S. Magistrate Judge's finding that Petitioner's detention had become unconstitutionally prolonged. (ECF No. 10 at 5–6; ECF No. 15.) The U.S. Magistrate Judge noted that, at that time, "Petitioner [had] been detained for sixteen months" and found that "While petitioner's immigration case will at some point have a 'definite termination point,' there is no clear end in sight to his ongoing detention, which has now lasted for sixteen months." (ECF No. 10 at 4–5.) Noting that the Supreme Court has recognized as-applied challenges to mandatory detention statutes, the U.S. Magistrate Judge applied the framework articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976) and found a due process violation. (ECF

No. 10 at 5) (first citing *Nielsen v. Preap*, 586 U.S. 392, 420 (2019) then citing *Demore v. Kim*, 538 U.S. 510, 532-33 (2003) (Kennedy, J., concurring)).

Given that those findings were adopted two months ago, the Court finds the appropriate remedy for this violation of Petitioner's constitutional rights is not a further bond hearing, but release.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Enforce Judgment. (ECF No. 14.) The Court further ORDERS as follows:

1. Respondents must IMMEDIATELY RELEASE Petitioner Bhim Raj KC (A# 221-390-163) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. **Respondents must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order**;

2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present; and

**3. The Clerk of the Court is directed to serve California City Correctional Center with a copy of this Order.**

IT IS SO ORDERED.

DATED: July 21, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE